Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1801 | **DATE** | 1/8/2004 |
| **CASE TITLE** | Irby vs. Erickson, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendants' motion to dismiss [11-1] is granted. All other pending motions are denied as moot. This case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 6 2004 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| | Docketing to mail notices. | | *signature* | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/8/2004 | |
| | | 04 JAN 15 PM 7:59 | date mailed notice | |
| rh | courtroom deputy's initials | Date/time received in central Clerk's Office | rh mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED JAN 16 2004

Raleigh Irby # K52710,

        Plaintiff,

v.

Erickson et al.,

        Defendants.

Case No. 03 C 1801

Judge Blanche M. Manning

## MEMORANDUM OPINION AND ORDER

The Plaintiff, currently an inmate at Robinson Correctional Center, brought this pro se civil rights action pursuant to 42 U.S.C.§ 1983. He claims that the defendants, Dr. Robert Erickson and the University of Chicago Hospitals, violated his constitutional rights by failing to provide him with adequate medical care when he was a detainee at the Cook County Jail. This matter is before the court for consideration of the defendants' motion to dismiss the complaint for failure to state a claim. On the court's own motion, Plaintiff was given an extension of time to respond; further, he was warned that failure to do so would result in the court ruling without benefit of his views. He has nevertheless failed to submit a response by the deadline given. For the reasons stated in this order, the motion is granted.

### STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pled facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle

1

14

him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.,Inc.,* 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner,* 404 U.S. 519 (1972); *Whitford v. Boglino,* 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County,* 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a plaintiff's well-pled allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Units,* 507 U.S. 163 (1993); *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir.1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services,* 29 F. 3d 280, 284 (7th Cir. 1984).

## BACKGROUND

Plaintiff submitted his complaint March 12, 2003, alleging that on August 19-21, 2002, while he was a detainee in the custody of the Cook County Jail, he was treated at the University of Chicago hospitals for scheduled spinal surgery, presumably scheduled and paid for by the Cook County Jail, although Plaintiff does not mention this. He alleges no complaints related to his surgery. Rather, he claims that between August 20th, at 1:00 p.m. and his discharge the very

next day back to the jail, defendant Dr. Erickson took him off of pain medication and also ordered that his catheter be removed. He states that these two orders caused him to suffer pain and also to urinate on himself. He further alleges that he sought assistance and reported these problems to unnamed nurses and doctors at the hospital, who told him that Dr. Erickson would have to review his request. He never told Dr. Erickson, nor did he allege that Dr. Erickson ever knew that he made these requests. Plaintiff sues the University of Chicago and the hospital, only because they employed Dr. Erickson.

## **DISCUSSION**

State action

42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Defendants correctly point out that Plaintiff did not specifically allege that the University of Chicago hospital or Dr. Erickson were acting under color of state law. However, we read pro se pleadings liberally in this court. When reviewing a pro se complaint, a court must employ standards which are less stringent than if the complaint had been drafted by counsel. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Plaintiff does state that he was in the custody of the Cook County Department of Corrections when he was taken to the University hospital. Reading this statement in the light most favorable to Plaintiff, as we must do in a motion to dismiss, it is

3

assumed that the University of Chicago Hospital had some relationship with the jail in order to treat detainees; otherwise, Plaintiff would not have been able to be treated there while he was in jail custody. The court cannot hold a pro se Plaintiff to understand and plead specifically, the intricacies of the legal relationships between the institution in whose custody he is held, and agencies or outside parties who provide care to him while a detainee. Contracting out prison medical care, if that is what occurred here, does not relieve the county of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the detainees of the means to vindicate their Fourteenth Amendment rights. *West v. Atkins*, 487 U.S. 42, 56 (1988). Dr. Erickson can be held liable as a state actor under § 1983 if he performs "functions that are traditionally the exclusive prerogative of the State. " *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir.1996). Provision of medical care to inmates is such a function.

Inadequate medical care claim

As Plaintiff was a pretrial detainee at the time of these allegations, the Fourteenth Amendment rather than the Eighth Amendment is applicable. The standards for assessing claims of unconstitutional conditions of confinement under the Eighth and Fourteenth Amendments are actually quite similar. See, e.g., *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1093-94 (7th Cir.1986). As the Seventh Circuit observed, "[p]unishment is punishment, and there is no reason why the term should mean two different things in the Eighth and Fourteenth Amendment contexts." *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991); *Hines v. Sheahan*, 845 F. Supp.1265 (N.D. Il. 1994). Additionally, the due process rights of a pretrial detainee are at least as great as the Eighth Amendment protection available to a convicted prisoner. *Estate of Cole by Pardue v. Fromm*, 94 F. 3d 254, 259 (7th Cir. 1996). Under the Fourteenth

4

Amendment, a claim for denial of medical services is analyzed under the Eighth Amendment. *Id.; Higgins v. Correctional Medical Services of Ill.*, 178 F. 3d 508, 511 (7th Cir. 1999). Plaintiff must show that a responsible official was deliberately indifferent to his serious medical condition. *See, e. g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gutierrez v. Peters*, 111 F. 3d 1364, 1369 (7th Cir. 1997). A condition is serious if "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez*, 111 F. 3d at 1373 (citation and internal quotations omitted). Plaintiff states he was in pain but he was not injured. The question then becomes whether Dr. Erickson ordered cessation of the pain medication with deliberate indifference to Plaintiff's medical care.

Plaintiff must show that Dr. Erickson acted with the requisite culpable state of mind, deliberate indifference, a subjective standard. Officials are deliberately indifferent if they "know of and disregard an excessive risk to inmate health or safety; the official[s] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Farmer*, 511 U.S. at 837. *See Dunigan v. Winnebago County*, 165 F. 3d 587, 590-91 (7th Cir. 1999). However, neither an inadvertent failure to provide medical care nor negligence in treating a medical condition amounts to a constitutional violation. *Farmer*, 511 U.S. 825, 837 (1978); *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976). Medical malpractice is not actionable under § 1983. *Estelle*, 429 U.S. at 104 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir.1991).

Plaintiff alleges that after the surgery and the afternoon before his release from the hospital, Dr. Erickson took him off of the pain medication and ordered that his catheter be

5

removed, and that this caused Plaintiff to suffer pain and to become incontinent. Additionally, his room was hot and without air conditioning. He reported these conditions to other nurses and medical staff, all of whom responded that only Dr. Erickson could change these orders. He does not allege that he told Dr. Erickson himself any of these complaints. In fact, there is no claim that Dr. Erickson ever even received these complaints. Thus, there is no allegation sufficient to meet the subjective prong of the deliberate indifference test. In other words, Plaintiff fails to allege that the doctor even knew of the problems. There is also no allegation that the orders Dr. Erickson gave were because he was indifferent to Plaintiff's medical care. Indeed, it is equally possible that such post-operative protocols are standard procedure for a patient about to be released from a hospital, particularly in light of the Doctor's lack of knowledge of the effects of these procedures on the Plaintiff during his last day at the hospital. At best the allegations arguably show negligence, not deliberate indifference.

Plaintiff has failed to show that Dr. Erickson was deliberately indifferent to his needs. *Farmer v. Brennan*, 511 U.S. 825 (1994). He failed to allege facts sufficient for the court to find that the defendant "was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed" to his health. *Wynn v. Southward*, 251 F. 3d 588 (7th Cir. 2001). Negligence or even gross negligence does not constitute deliberate indifference. *Washington v. LaPorte County Sheriff's Dep't.*, 306 F. 3d 515 (7th Cir. 2002); *Snipes v. DeTella*, 95 F. 3d 586 (7th Cir. 1996).

Finally, Plaintiff fails to allege that any defendant was deliberately indifferent when the air conditioning in his hospital room did not function for this one day period. Failing to show deliberate indifference by Dr. Erickson, it follows that there is also no claim against the hospital

6

or the University of Chicago, sued only in their capacity as his employer.

## CONCLUSION

It is therefore ordered that the motion to dismiss is granted. [11] All other pending motions are denied as moot. [7& 8]. This case is terminated.

ENTER:

*Blanche M. Manning*
Blanche M. Manning
UNITED STATES DISTRICT COURT

DATED: JAN 08 2004